[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for dissolution brought by the CT Page 2472 plaintiff on January 15, 1991. The plaintiff filed an amended complaint alleging two counts; the first that the marriage had broken down irretrievably and in the second count that the defendant had committed adultery.
The trial lasted for two days during which the court heard diametrically opposed testimony from each side. According to the plaintiff's testimony, she was verbally, physically, sexually, mentally, and emotionally accosted by the defendant.
She also feared him alleging that he threatened to kill her, and her family, along with the pets. Her testimony indicated that the parties were in a serious accident in Maine because the defendant was speeding and trying to elude the police.
Although the parties were separated as of the beginning of September 1990, the defendant was arrested for a domestic violence incident on September 13, 1990. The plaintiff further alleged that the defendant used to watch sexually explicit videos, read sexually explicit magazines, and even suggested that she sleep with a person outside of the marriage.
The defendant admitted the incident in Maine and the assault that resulted in the issuance of the protective order in September of 1990. As to the other allegations, the defendant denied each and every incident.
In making orders it should be noted that the court was struck by the total lack of corroboration of the plaintiff's most serious allegations. The court finds that the young age of the parties, their equal lack of maturity, her extreme sensitivity and his insensitivity caused the marriage to breakdown.
Based upon the testimony of the parties, the CT Page 2473 evidence presented, and taking into consideration the applicable statutory provisions, the court will make the following findings:
1. The plaintiff wife, whose maiden name was Vikki Mount, was intermarried at Glastonbury, Connecticut on April 2, 1988.
2. One of the parties to the marriage resided in Connecticut for at least twelve months preceding the date of this complaint.
3. The parties have no minor children issue of the marriage.
4. No state agency or town agency is contributing to the support or maintenance of either party.
5. That the defendant is to hold the plaintiff harmless and indemnify her on the tax warrant to the Town of Vernon for the 1980 Chrysler; TSI Conquest.
6. That the defendant maintain plaintiff under COBRA as an insured on his medical insurance for 18 months at his costs.
7. That the defendant pay one-half of all plaintiff's unreimbursed costs for services provided by Silverman Associates. This shall be for a maximum period of 18 months or until discharged.
8. That the defendant initiate no contact either directly or indirectly at home or work, nor have any form of conversation, including but not limited to, written, telephonic or FAXED. Defendant is not to go near plaintiff's residence.
9. Each side, with the exception of paragraph 5, is to be responsible for the bills/liabilities submitted on their financial affidavits. Each side is to pay their own counsel fees.
10. The defendant is to pay periodic alimony in the amount of fifty dollars ($50.00 per week for 18 months. During periods of unemployment the alimony payments shall be reduced to twenty-five dollars ($25.00) per week, however, an arrearage shall accrue until the total alimony payments of $3900 are paid. Any arrearage accrued shall be paid in its entirety within nine months of the final alimony payment.
11. The plaintiff shall be returned to her maiden name CT Page 2474 of Vikki Mount.
12. A dissolution of the marriage shall be granted on the ground of irretrievable breakdown.
NORKO, JUDGE